UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS ALEXANDER MARTINEZ BURGOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-07946-DC-SCR (HC)

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. Nos. 1, 2, 3)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondent does not oppose the court ruling directly on the petition. (Doc. No. 7 at 1.) Petitioner opted not to file a reply brief and thus has not affirmatively opposed the court simultaneously ruling on the habeas petition and motion for temporary restraining order. For the reasons explained below, the court finds that Petitioner's detention is unlawful due to Respondent's failure to provide Petitioner with an initial custody determination as required by § 1226(a) and its implementing regulations such that Petitioner was unaware of the basis for, and could not contest, his detention. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

## BACKGROUND

Petitioner Jesus Alexander Martinez Burgos is a native and citizen of Honduras. (Doc. No. 7-1 at 2.) Petitioner entered the United States without inspection on an unknown date. (*Id.*)

On September 3, 2026, Walker County law enforcement officers contacted Immigration and Customs Enforcement ("ICE") regarding a traffic stop in Navasota, Texas. (*Id.*) When ICE officers arrived to the scene they spoke with five passengers in the vehicle who were determined to be noncitizens unlawfully present in the United States. (*Id.*) Among those noncitizens was Petitioner, who admitted to entering the United States illegally. (*Id.*) Petitioner had no previous interactions with immigration authorities, and no criminal record in the United States. (*Id.* at 4.) ICE issued Petitioner an arrest warrant and a notice to appear and then detained him. (*Id.*) Petitioner has remained in immigration custody since that time. (*Id.*) Petitioner is currently detained in the California City ICE Detention Facility. (Doc. No. 1 at 2.)

On September 28, 2026, Petitioner filed the pending habeas petition alleging that he is subject to arbitrary civil detention in violation of his right to due process. (*Id.*) On that same day, Petitioner filed the pending motion for a temporary restraining order seeking his immediate release. (Doc. No. 2.)

On October 2, 2026, Respondent filed his omnibus answer to Petitioner's petition for writ of habeas corpus and opposition to Petitioner's motion for a temporary restraining order arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), and that the only relief to which he is entitled is a post-deprivation bond hearing. (Doc. No. 7 at 1–2.) Respondent attached to his opposition (1) Petitioner's record of deportable/inadmissible alien (Doc. No. 7-1); Petitioner's notice to appear (Doc. No. 7-2); Petitioner's arrest warrant (Doc. No. 7-3); and Petitioner's FBI RAP sheet (Doc. No. 7-4).

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**DISCUSSION**

Petitioner contends that his immigration detention is arbitrary in violation of his constitutional right to due process. (Doc. No. 1.) Respondent argues that Petitioner's detention is lawful under § 1226(a), and that he is entitled to a bond hearing pursuant to that statue, which he has not yet requested. (Doc. No. 7.)

When the government detains a noncitizen under § 1226(a), Department of Homeland Security officers must conduct an initial custody determination to determine whether detention or release is appropriate under that section. 8 C.F.R. § 236.1(c)(8) (permitting any "officer authorized to issue a warrant of arrest" to "release an alien . . . under the conditions at section [1]236(a)(2) and (3)" "provided that the alien [] demonstrates to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"). The officer making this initial determination memorializes the determination on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

Here, Respondent does not attach Petitioner's notice of custody determination to his opposition nor allege that one was issued upon Petitioner's detention. (Doc. No. 3.) The record of deportable/inadmissible alien attached to Respondent's opposition indicates that Petitioner would be detained "[d]ue to the Presidential emergency declaration related to our immigration enforcement and removal portfolio." (Doc. No. 7-1 at 4.) This statement does not support—and indeed, contradicts—an inference that any immigration official determined whether Petitioner would "pose a danger to property or persons," or that Petitioner "is likely to appear for any future proceeding." 8 C.F.R. 236.1(c)(8).

This court, along with many others in the Ninth Circuit, have found that "where there is no indication that the arresting officer makes an initial custody determination and permits the noncitizen to demonstrate that his release is proper, that detention is unlawful." *Aguilar Moreno v. Chestnut*, No. 1:26-cv-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026); *see Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (stating that the government's failure to provide a noncitizen "with an initial custody determination" "serve[s] as a basis for an order requiring the release of" the noncitizen). Where the government fails to provide a noncitizen with the statutory protections of § 1226(a), that failure constitutes a breach of both his statutory and due process rights. *Veliz-Pina v. Semaia*, No. 5:26-cv-04590, 2026 WL 3012453, at *8 (C.D. Cal. Oct. 6, 2026) (stating that § 1226(a) procedures, including an initial custody determination, "provide[] critical protections that safeguard [the noncitizen's] due process protected interest in freedom from arbitrary confinement"). Further, this court has found that where the government detains a noncitizen without adhering to the § 1226(a) procedures, the noncitizen's detention is unlawful from the outset, and the proper remedy is the noncitizen's immediate release. *Aguilar Moreno*, 2026 WL 3136176, at *3. Thus, for the reasons explained in *Aguilar Moreno*, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

/////

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and Motion for a Temporary Restraining Order (Doc. No. 2) are GRANTED as follows:

   a. Respondents shall immediately release Petitioner Jesus Alexander Martinez Burgos (A-222-629-673) from their custody;

   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;

   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

   d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

2. Petitioner's motion to expedite (Doc. No. 3) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dena Coggins
United States District Judge